Third case of the morning is Legendre v. Harrah's Casino and we'll excuse me have to look at my my prompter. Hear from Mr. Wannick. Thank you. Good morning. Again Peter Wannick here on behalf of the appellant's plaintiff Miss Nellie Legend. We're here today asking this court to review and this is an appeal of the district court's ruling on granting a defendant's motion for summary judgment. It's our contention that the district court erred in granting defendant's motion for summary judgment on the issue of breach of duty as there are genuine issues of material fact which exist and reasonable minds could differ on whether or not in this case the employee Mr. Giles breached his duty owed to my client Miss Legend when the video shows Mr. Giles collided with Miss Legend causing her to fall and suffer injuries and there's a second issue that we appealed that deals with the production of and the authorization of release of Mr. Giles eye doctor records. The facts of this case are very important for the purpose of this court in reviewing the district court's granting of the MSJ. This is a essentially a fall which occurred on May 21, 2023 at the Harrah's Casino. My client Miss Legend was a guest at the casino. She played the slot machine. She was on her way walking back to her seat at the slot machines. She's in her late 70s. She suffers from pulmonary arterial hypertension. She has a backpack with a machine that provides a tube to her heart which provides medication 24-7. She walks very slowly. The video in this case and the entire incident was captured on video shows Eddie Giles Jr., an employee of the casino, weighs over 200 pounds while looking to his left he walks into my client admittedly distracted and hits her on her left side or at nine o'clock. She's facing forward and he hits her on the side and causes a woman who weighed much less than than he to fall instantly to the ground suffering her injuries. The teeth impacting her scalp when his mouth hit her in the head him being taller than she she also fell suffering a fractured hip which required surgery as well as injuries to her neck and back all of which is documented in Mr. Giles his own written statement which he completed within 30 minutes of the incident. In this case we believe that Mr. Giles was solely at fault for the summary judgment. Clearly there are issues of fact and particularly on the issue of determining breach of the duty which we don't believe is appropriate in determining summary judgment on a breach of the duty of care. Factual dispute is one for the jury to decide and the jury has plenty of facts in this case which include the video of the incident which shows Mr. Giles being distracted and looking to his left when he walks into my client. That's the principal evidence. That's that's principal evidence correct but we also have a written statement by Mr. Giles in which he admits that he was distracted although he says he was looking down at the time or adjusting his mask when he went into when he ran into miss miss Lejeune and he says that at no time in his statement and in his deposition did he ever see her before he ran into her and then are you contesting the the standard of care or in this case would you agree the standard duty act like a reasonable person under like circumstances what would control it's a good question judge we believe that mr. Giles should be should should be at a higher standard a heightened standard the reason for that is is that he his title was was sick was that his title was actually customer safety officer and he testified in his deposition that his entire job duty was to ensure the safety of the guests and patrons at the casino at the time and I asked him what does that entail he says well that entails surveying the area for criminal activity but also looking down to see if they're liquids on the floor if there's anything could compose a slip-and-fall hazard as well as trip and fall hazards but his sole duty was to ensure the safety of the guests at the at the casino and yet in this case the video clearly shows he walked into my client and caused her to fall and suffer the injury so in our position and we pled it in in our in our in our lawsuit we believe that because he was a customer safety officer and he acknowledges in his deposition that he was to ensure the safety and well-being of the of the guests that he should be looked at with a heightened duty but even if I'm sorry to mean interrupt you but I was gonna say we're in Erie Court we're bound by Louisiana law and we're not gonna extend Louisiana it's not our job to extend Louisiana law what I was about to say is even if you look at general negligence standard civil code article 2315 in our opinion you get the same result which is there's no doubt in this case trial court acknowledges in the order and written reasons the defendant acknowledges in their pleadings and it's accepted that mr. Giles owed a duty to my client owed a duty no doubt about it so the issue then becomes one of a bunch and the cases we cite including the Burt's ton burstaged case on page 16 of the brief which is the US Supreme Court case stands for the proposition that proprietors owe patrons a duty to exercise reasonable care to protect them from employees and third parties and and there's no issue but that there's a duty which is to be decided as a question of law by the court which the did do didn't didn't the court say that both sides had duties I think the court did some find that that both sides had duties but but on the second prong of the test the court found that no reasonable fact-finder could determine that there was any duty on the part of mr. Giles in this case or that he didn't breach the duty right and and that this this was just an accident and and therefore no fact-finder should be able to determine whether the duty was breached or not and that's where we find fault in the trial courts decision in this matter that Louisiana was in for this particular case is a comparative pure comparative fault state and as I indicated to the trial court at the in October last year that even if the jury were to determine that the damages were $300,000 if the jury determined both sides were 50% at fault then my client would be able to recover 50% of the damages and the court seemed to understand and agree with me on that but then made the determination that there was no breach of the duty you know I don't wish to be I don't you free to argue your time for whatever you have to say but I'm sure we've all read seen the video okay in my case numerous times read the briefs which are not long we all fortunately remember the tort law so what what do you have to add well the only thing I would add is that the cases cited by the defendants are completely not analogous not analogous to the instant cases before with this case I mean for instance in the Thelma Meyer case that case involved a music performer helping a 69 year old person off the stage holding their hand and the court found there really wasn't a duty there in that the the plaintiff in that case simply missed a step and fell and that's not what happened in this case this case an employee of Harrah's ran into my client and I think that case is an apposite and even in the that case the court did address the duty breach being a factual issue and that's really what the core of this appeal is is that we feel that when it comes to factual determination such as whether or not there was a breach of the duty then that issue should be decided by the trier of fact in this case the jury because it's fact-intensive and I just have one question on Louisiana law if it went to trial there was a jury finding ascribing 60% responsibility comparative fault to miss Lehendre would she still recover if the other 40% were mr. Giles if the 60% was to my client correct well I think under the new law which just went into effect I think it's you know contribute 51% or greater but I think that the comparative fault law would apply in this case and would not they would not apply the the new law retroactively so she would still recover but simply 40 40% she would yes your honor the other case that is cited by the defendant is the mannequin case which is also cited by the court in that mannequin case the court found that the employee owed a duty to the plaintiff to refrain from running walking or walking in a distracted manner as she approached the doorway of the restroom there's no issue in this case but that mr. Giles was walking in a distracted manner he's looking to his left when he runs into my client well but that was his job was to look around well but if he's surveying and looking down maybe it's just the characterization whether you call it distracted or simply looking yeah I mean yeah well yeah but I mean if say you're operating a vehicle and you look out the side window and then you rear end the car yeah this is not a vehicle case no I understand but but I still believe that as a customer safety officer he needs to know his surroundings and he shouldn't be able to walk into another guest and particularly one where she's looking this way he's walking straight into her left at nine o'clock I mean the only way she would have been able to see him as if she was looking to her left to have avoided him from hitting her and I think that's that's a distinction in this case that I don't believe that the trial court fully appreciated we believe that the cases that we cite including the Frierson decision as well as the beer decision which stand for the proposition that in determining a breach that's very fact-intensive and it should be left to the jury to decide those issues Frierson involved an employee that came around a corner down an aisle and ran into another customer and the court denied the motion for summary judgment in that case finding that the employee if the employee maintained a proper lookout prior to the accident was a factual issue that should be decided by the jury in the beard versus audio visual case on page 23 of our brief a guest was walking out of an elevator in a hotel and collided with an employee as the employee was crossing in front of the elevator the MSJ was granted by the trial court in that case but the appellate court in that Georgia case reversed finding that issues of fact existed regarding the breach issue and that factual issues such as determining breach should be left for the jury to decide and that's essentially the core of our argument here today again if you've seen the video great if you haven't I'm for you to look at it and also to look at the written statement of mr. Giles which I think confirms that he never saw her before he ran into her and that that is evidence alone of him being distracted in violation of the mannequin case and one question jurisdictional issue the you there's information for the court in response to our request that the jazz casino company LLC you can trace down its its membership down to the first incorporated entity is seizures holding ink and the appellee has indicated that that entity is incorporated in Delaware this principal place of business in Nevada and you don't dispute that is that correct I don't have any information to dispute that no and we would just ask that you again we would ask that you find that the trial court aired in granting the motion for summary judgment in reverse on that issue okay thank you thank you miss Durham good morning your honors Meredith and may it please the court Meredith Durham on behalf of the appellees Harrah's management company LLC and Harrah's casino New Orleans LLC your honors this court should affirm summary judgments for summary judgment for these reasons first as this court noted the security video is the principal evidence in this case it is uncontested fact the uncontested fact set forth in that security video demonstrates that mr. Giles exercised reasonable care consistent with that of a reasonable person he did not breach his duty to exercise to act reasonably by momentarily glancing left this is supported not only in the uncontested fact of the security video it's supported by the applicable law which is the Manecki case the Manecki case is a case that involves an interaction between a casino patron and an employee as in walking in a casino environment second plaintiff has put forth no evidence of a material factual dispute what we've heard from count what we've heard from opposing counsel today and at the lower court are characterizations of testimony improbable inferences that that as a district court noted fail to overcome the reality of the incident as faithfully depicted in the security video third Louisiana law does not impose a higher duty of care on an employee judge Rodriguez you had this question earlier the Thielmer case is on point with respect to the duty of the duty of care mr. Giles duty here was to exercise reasonable care the Thielmer case specifically rejected any proposition that an employee owes a higher duty of care I don't I didn't hear him really arguing that I what I'm sorry and I would I the Thielmer case in in this particular situation your honor we've I we've cited the Thielmer case to stand for the proposition that an employee owes and owes a duty to exercise reasonable care I think the question earlier from judge Rodriguez was whether or not there was it whether or not counsel agreed that there was a duty to exercise reason you agree he doesn't have a you say he doesn't have a heightened correct agree that there's some duty of care if we're just walking around anywhere pedestrians and there are other people we have an obligation to at least look out so that we don't have collisions throughout the day with these other people that we encounter you agree with this yes so he should have at least been he needs to look out where he's going when he's walking in the casino and and and there are there is a case that talks about the casino environment is especially busy and all but absent a heightened duty he had a duty to watch where he was going yes your honor and so did she yes your honor and so why isn't this just a case of allowing a fact finder an opportunity to determine whose fault it was that they had this collision because mr. Giles conduct did not fall below the standard of care of a reasonable person he did not he he did not breach any duty to act reasonably by simply and momentarily glancing left well I I watched the video as I'm sure all three of us did and he looked left for what seemed to me to be an extended period of time if your head's on a swivel you're kind of looking like this and then in that open area people could be coming from any direction so whatever the reason I mean he may have been looking at something he thought was a matter that he needed to give some extra attention to whatever the reason he looked left for I don't know how many seconds but it seemed like a long time to me it was long enough for her to have a collision with him and he not know that she was there until he collided with her and so all I'm saying is what you have is an instance where the judge granted summary judgment and it seems to me to be an issue of fact in at least what was at the time a comparative negligence jurisdiction we get to compare who caused the collision and she certainly had an obligation to look where she was going but a fact finder could look at what both of them did and we have the video look at what both of them did and attribute percentage of the negligence to him percentage to her they both had a duty you agree I do yes now tell me again why a fact finder shouldn't have an opportunity to make a determination about who was negligent and who wasn't or how much certainly the the duty in this case was articulated by the Maneki court and the minute the court in Maneki articulated that in a casino environment as your honor said an employee has a duty to refrain from running from engaging in horseplay or walking at an unreasonably fast pace that did the security video demonstrates that mr. Giles was doing none of those things but you're treating Maneki as a is that I mean you're saying that if it doesn't reach Maneki then there's no breach but Maneki doesn't represent sort of the bottom line as long as you don't do these three then you didn't breach I mean there can be something below Maneki that's still a breach can't there certainly your honor but in this case mr. Giles mr. Giles duty is to observe his surroundings that he looked left that he momentarily glanced left is not a breach of his duty to act reasonably simply because he he was he was doing so if this was the case if it was the case that an employee could not momentarily look left or to his right you understand that when you say momentarily that's a subjective determination yes momentarily somebody else could look at it and say that was an extended look left that's your honor in this case he there's no we're not disputing at all that his head was turned to the left but that just a brief a head turned to the left it does not result in a breach of his duty to exercise reasonable care mr. Giles is an employee whose job again is to observe his surroundings he needs to be able to look left and look right absent 360 degree vision there's no way that an employee could not could be held to this standard of looking straight ahead at all times without an ability to survey the floor and survey survey what is going on around him is your position require effectively the conclusion that sometimes people run into each other and neither individual is at fault to some degree that some neither fell below the duty of ordinary people walking around and that this represents one of those conclusively based on the video yes yes your honor the video demonstrates at this point we believe it's uncontested fact as to what happened we're not we're not there's nothing to infer we know that he looked left we know that the plaintiff was coming which was coming and walking down and did not see him either what were we do agree that Louisiana has a maxim that sometimes things happen in this particular case two people bumped into one another just because someone what they bumped into one another does not mean that there's negligence and it does not mean that there's a violation of the there's a violation of the standard of care rule 56 allows summary judgments it allows summary judgments when there are no genuine issues of material fact at this point again the security video demonstrates it should demonstrate it is uncontested fact what it shows is what it shows here and what we believe that the improbable inferences regarding testimony and so forth it cannot dispute as to what is demonstrated on the video here and you have to view the evidence in the light most favorable to the appellant in this case and conclude that no jury could look at that video and determine that the employee mr. Giles by looking away momentarily prolonged either way and say that was all within his duty of care that's correct your honor his duty is to exercise reasonable care under the circumstances we do not believe that he breached his duty simply by by glancing left and in the performance of the duty is to observe his surroundings in the Thielmer case the district the appellate court the Louisiana appellate court affirmed summary judgment in favor of the defendant finding that the employee there who assisted the the plaintiff down the steps did not breach any duty to act reasonably and Mays v. Dolgan Corp LLC there it's the judge then judge Engelhardt also granted summary judgment finding in that case that there was not that the that the employees discarding of ice cream in a dumpster did not they act and leave unreasonably when that was the alleged source of plaintiff slip-and-fall summary judgment is appropriate when there is no genuine issue of material fact we believe in this case that the security video demonstrates there to be no uncontested fact as to what occurred the district court was proper to conclude that no reasonable minds could could see with respect to whether or not mr. Giles no fact-finding could no reasonable jury juror could look at it and determine that maybe they both were at fault well the the district court the district court stated in its reasons that no reasonable juror could could look at this and that is the standard on summary judgment at this point that that no reasonable juror could could look at it and say could look at the video and determine that mr. Giles breached his duty to exercise reasonable care under the circumstances that is that that is the standard to get to a trial we have to have a breach there's no breach by a glance to the left in the performance of his duties which is to observe his surroundings with respect to this with respect to the portion of plaintiffs appeal regarding the motion to authorize the release of the ophthalmology records and that that what that it wasn't addressed I would simply state that we believe the magistrates decision should be affirmed in that case the appeal should be dismissed for want of jurisdiction first and foremost it was never objected to under rule 72 thus the issue was what's not preserved for appeal with respect to the matter if the court is inclined to hear it regardless the the court the magistrates ruling was proper to the extent that the production of those records certainly was a bridge too far as in under rule 26 and they were not proportional to the needs of the case my review of the transcript on that issue and as a forfeiture argument certainly but even if we reach it is that the magistrate judge essentially said it wouldn't have mattered because he accepted that mr. Giles was looking away even if he had been looking in other words irrespective of how good his eye was he wasn't going to see her is that is that your recollection of what the magistrate judges essentially accepted yes your honor the magistrate judge indicated that his head was turned to the left and there's certainly no dispute that his head was turned to the left and and the reason was proper he was never he was not going to see her because his head was turned to the left the production of those records was immaterial under the circumstances he testified truthfully to his eye restriction there was no need for and there was no need for the production as a magistrate deemed it was a bridge too far under rule 26 all right we have your argument thank you thank you mr. wanek to address some of the issues you raised judge graves essentially the defense or what be brief I'm gonna be very brief okay because this is a simple case I understand okay I'm not saying how the court will rule but it's they're saying an accident happened both parties were at fault and therefore no one's at fault and that's not what pure comparative fault is and I think you you hit it on the head that's for the jurors to decide and the reason why the magistrate judge ruled the way he did is because he said that it didn't matter whether he was looking straight or he wasn't looking straight therefore his vision acuity was irrelevant and and therefore he said he was distracted I mean there's no issue but for the fact that this gentleman was distracted under maniche the court found that he has a duty to refrain from walking in a distracted manner therefore this is a in the issue for the jury to decide and to determine allocation of fault thank you all right sir thank you court will stand in recess